922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Lee SMITH,
v.
Jerry M. NEAL, Doctor, Ray Rossi, Grady A. Wallace, Michael
J. Cavanaugh, Rhett Jackson, Lee R. Cathcart,
Marion Beasley, Willie Givens, Dr., J.P.
Hodges, Defendants-Appellees.
 No. 90-7347.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1990.
Decided Dec. 19, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CA-89-2542)
 James Lee Smith, appellant pro se.
 Carl Norman Lundberg, South Carolina Department of Probation, Parole & Pardon Services, Columbia, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Lee Smith appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Smith v. Neal, CA-89-2542 (D.S.C. July 5, 1990). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.
 
 
 
 *
 We agree with the district court that the change in the number of votes needed to obtain parole is a procedural change which does not violate the ex post facto prohibition. See Dobbert v. Florida, 432 U.S. 282 (1977). However, the change in the length of time for a parole reconsideration hearing is not procedural. See Fender v. Thompson, 883 F.2d 303 (4th Cir.1989). Nonetheless, Smith cannot establish an ex post facto violation because he had no statutory entitlement to any parole reconsideration hearing within a specific time frame. See Watson v. Estelle, 886 F.2d 1093 (9th Cir.1989)